# CIRCUIT COURT NO. 2 OF BALTIMORE CITY

Filed October 13, 1893.

See Ridgely vs. Ridgely, 79 Md. 305-A.

## FRANK I. RIDGELY

## VS.

## CHARLOTTE RIDGELY ET. AL.

*Thomas C. Weeks* and *Joseph P. Merryman* for plaintiff.

*William A. Fisher* and *Charles W. Field* for defendants.

WICKES, J.—

The bill of complaint filed in this case recites the marriage of plaintiff and defendant in the City of Washington in 1881, the subsequent procurement of a divorce from the plaintiff by the defendant, in South Dakota, under circumstances which, if true, render it null and void, and later on the marriage in this city of the defendant to Edward Hyatt, who is also made a party to this suit.

The prayer of the bill is "that the so-called ceremony of marriage between Edward Hyatt and the said Charlotte Ridgely may be declared null and void." The bill is demurred to "for want of equity in the cause therein set forth; and of jurisdiction in the Court to grant the relief prayed."

While the defendant, through her counsel, earnestly asserts that the fraud alleged in the bill is not true, and can, should occasion require, be disproved, the effect of the demurrer is to admit the truth for the purposes of this hearing, but to deny the legal sufficiency of the facts to warrant the Court in granting the relief prayed, for the reason that it is not of such a character as lies within the scope

and power of a Court of Equity in this State.

Touching the general principles involved as to the effect of divorces granted in a State in which the parties have no permanent domicil, there is no contention, nor can there be, for they are settled by numerous cases.

1. The Courts of a State have no jurisdiction to decree a divorce between parties who do not reside therein, but who have their domicil in another State.

2. The subject-matter of a divorce suit is the bond of matrimony existing between the parties; and if the parties have no domicil in the State, a divorce which its Courts assume to grant, whether deceived or not as to the fact of evidence, is absolutely nugatory.

3. When a divorce so granted, comes collaterally in question in another State it may be shown that the party seeking the divorce never resided in the State where the suit was instituted, and that the divorce was fraudulently obtained.

But the bill in this case is not so framed as to bring in question the alleged fraudulent divorce in such collateral proceeding as gives the Court jurisdiction to inquire into its validity and disregard it if found to be fraudulent and void, but so far as it involves any consideration of this subject, it is in the nature of a direct attack upon the judgment in question, which can only be made in the Court in which it was rendered.

But the real object of the bill, and it is the theory upon which this whole proceeding is based, is to invoke the exercise of the power which it is supposed the Courts of Equity possess in this State, to entertain "nullity bills" and to make declaratory decrees, under such circumstances as are presented in this case. The Code defines the power of the Courts in this regard by Section 12 of Article 62, "the Circuit Court for the several counties, and the Superior Court of Baltimore City, may, upon the petition of *either of the parties*, inquire into, hear and determine, and the Circuit Court for the several counties and the Criminal Court of Baltimore on indictment, may inquire into, hear and determine the validity of any marriage and may de-

clare any marriage contrary to the table in this article, *or any second marriage the first subsisting*, null and void.

But the object of this act is manifest. It was intended to enable the innocent victim of such second marriage to seek relief by having it declared void, and hence the right is conferred, not upon third parties, but upon "either of the parties," meaning clearly the parties to the marriage.

Nor can it be said that this is a proper case in which to make a declaratory decree. Indeed, if I correctly understood the counsel for the plaintiff, the Act of 1888, is not invoked or relied upon.

By that act, even where no specific relief is asked, the Equity Courts are given authority in certain cases to declare the rights of parties.

But not only does the Code provide, Article 16, Section 30, "that no declaratory suit can be brought nor decree passed to establish a fact or facts that are without legal consequence," but the Court of Appeals in Pennington vs. Pennington, 70 Md. 430, said that this jurisdiction "should never be invoked for the purpose of having determined mere moot points, or mere abstract or experimental questions."

To what end is this declaration to be made? What relief does it afford the plaintiff to have this abstract question decided? He does not aver that he desires to resume his marital relations with the defendant, or indeed that any such relations beyond the mere legal tie has existed between them. The declaration of this Court that the South Dakota decree is void, and that the ceremony of marriage which followed it, a nullity, does not add to the invalidity of either, or compel the defendant to live with her first husband. No divorce is asked for because of the alleged illegal marriage—no property rights are involved—no *legal consequences*, can follow the decree prayed, so far as the Court is informed or is able to discover.

It may be that such a decree, as was broadly hinted at the argument, is desired in aid of another suit pending in another Court, in which doubtless the validity of the South Dakota divorce

can properly be inquired into, but that is certainly no reason for entering a decree which would otherwise be withheld.

I do not therefore, upon a careful consideration of the case as presented, see that any relief is prayed such as this Court has authority to grant.

The demurrer must therefore be sustained.